```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| MARK LEE SEAGRAVES,<br><br>            Plaintiff,<br><br>    v.<br><br>DAVID TREACHLER, et al.,<br><br>            Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 15-7801 (JBS-AMD)<br><br>**OPINION** |

APPEARANCES:

Mark Lee Seagraves, Plaintiff Pro Se
#758662C
South Woods State Prison
215 S. Burlington Road
Bridgeton, NJ 08302

**SIMANDLE, Chief Judge:**

I.  INTRODUCTION

Before the Court is Plaintiff Mark Lee Seagraves ("Plaintiff"), submission of a civil rights complaint pursuant to 42 U.S.C. § 1983, (Complaint, Docket Entry 1), and motion to amend the complaint, (Docket Entry 4). At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set

forth below, the Court will deny the motion to amend and permit the complaint to proceed in part.

## II. BACKGROUND

Plaintiff brings this civil rights action against Defendants David Treachler, Ray Skradzinski, the Salem County Sheriff's Office, Salem County, and the Salem County Correctional Facility ("SCCF"). The following factual allegations are taken from the complaint and are accepted for purposes of this screening only. The Court has made no findings as to the truth of Plaintiff's allegations.

On June 13, 2015, Plaintiff submitted a request to the SCCF kitchen for a vegetarian meal for religious purposes. (Complaint at 7).[1] The next day he submitted the same request to the chaplain, David Treachler. Treachler denied Plaintiff's request and told Plaintiff that if he had medical reasons for requesting a vegetarian meal, he should contact the medical department. (Id.). Plaintiff spoke with several corrections officers about his request, and they all referred Plaintiff to Captain Rielly.

Plaintiff requested a meeting with Captain Rielly on or about July 1, 2015; however, he never received a response. (Id. at 8). Plaintiff filed another request for a meeting on July 23,

---

[1] At the time Plaintiff filed this complaint he was a pretrial detainee at SCCF. He has since been convicted, sentenced, and relocated to South Woods State Prison.

2015, but received no response. (Id.). Plaintiff thereafter filed this complaint on October 30, 2015. By Order dated November 6, 2015, this Court granted Plaintiff's motion to proceed *in forma pauperis*. (Docket Entry 2). On December 7, 2015, Plaintiff filed a motion to amend the complaint to add Captain Rielly as a defendant and to add to his claims against the other defendants. (Motion to Amend, Docket Entry 4).

Plaintiff asserts Treachler violated his right to practice Islam by not permitting him to have a vegetarian meal, "causing me to either have to eat meat against my religion or to go hungry because I cannot eat the meat on the food trays." (Complaint at 8). He further asserts claims against the Warden, Sheriff's Office, Salem County, and SCCF. Plaintiff asks for $1,000,000 in damages for pain, suffering, and mental anguish. (Id.).

### III. STANDARD OF REVIEW

#### A. Standards for a Sua Sponte Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The

3

PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(b) because Plaintiff is a prisoner proceeding *in forma pauperis*.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim,[2] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

---

[2]  "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x. 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). Although *pro se* pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

**B. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

§ 1983. Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second,

that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**IV. ANALYSIS**

**A. Motion to Amend**

Plaintiff moves to amend his complaint to add claims against Captain Rielly, Warden Skradzinski in his official capacity for "for failure to train and supervise defendants as to abiding by the policies and procedures regarding this lawsuit,", and against Treachler in his official capacity. (Motion to Amend ¶¶ 1-3).

Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend a pleading once as a matter of course twenty-one (21) days after serving the pleading or twenty-one (21) days "after a responsive pleading or service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. Pro. 15(a)(1)(A)-(B). As no responsive pleadings have yet been filed, Plaintiff may amend his complaint once as of right. The proposed amended complaint is still subject to this Court's screening. 28 U.S.C. §§ 1915, 1915A.

The proposed amended complaint does not state valid claims for relief. When an amended complaint is filed, the original

6

complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, *Federal Practice and Procedure* 1476 (2d ed. 1990) (footnotes omitted). The proposed amended complaint does not specifically adopt or incorporate the original complaint; thus, if this Court were to grant the motion, the original complaint would be null and void. The proposed amended complaint does not contain a statement of the facts and would have to be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii); *see also* Fed. R. Civ. Pro. 8(a).

Even if the Court were to read the proposed amended complaint together with the complaint, the claims raised in the proposed amended complaint would still be subject to dismissal. A suit against a county official in his official capacity is a suit against the county itself. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978). Thus, Treachler, Skradzinski, and Rielly are only liable in their official capacities when Salem County itself would be liable. Under *Monell*, a county is only liable under § 1983 when "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id.* at 694. The complaint and proposed amended complaint, even when read together, do not

7

sufficiently allege there was a relevant Salem County policy that was the moving force behind the alleged violation. Plaintiff's conclusory allegation that Warden Skradzinski "failed to train and supervise defendants as to abiding by the policies and procedures regarding this lawsuit" is insufficient under *Iqbal*. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) ("[A] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts."). Plaintiff must set forth facts that would indicate "'the failure amounts to "deliberate indifference" to the rights of persons with whom those employees will come into contact.'" *Thomas v. Cumberland Cnty.*, 749 F.3d 217, 222 (3d Cir. 2014) (quoting *Carter v. City of Phila.*, 181 F.3d 339, 357 (3d Cir. 1999)). Furthermore, failure to adequately train subordinates can generally only constitute deliberate indifference if the failure has caused a pattern of violations. *Connick v. Thompson*, 563 U.S. 51, 62 (2011); *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 409 (1997). Plaintiff has not alleged such a pattern exists.

The proposed amended complaint also fails to make out a claim against Captain Rielly in his individual capacity. Plaintiff asserts the captain is liable as "he failed to respond to the Plaintiff's requests after being fully advised of same

violations," (Motion to Amend ¶ 3), but allegations that Captain Rielly responded inappropriately to Plaintiff's grievances do not establish his personal involvement in the actual violation. *See Davis v. Samuels*, 608 F. App'x 46, 48-49 (3d Cir. 2015); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006). Plaintiff has not alleged sufficient facts for this Court to reasonably infer Captain Rielly was personally involved in the denial of the religious meal, *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs."), therefore Plaintiff has failed to state a claim against him.

As the proposed amended complaint would be subject to dismissal for failure to state a claim, Plaintiff's motion to amend is denied without prejudice.

### B.  *Monell* **Claims**

Plaintiff seeks relief from Salem County, the Salem County Sheriff's Office, and SCCF. Plaintiff argues the county is liable for its employees' actions as it "owns the county jail thus is responsible for all employees and volunteers." (Complaint at 8). He further asserts the Sheriff's Office "oversees the county jail, thus allowing its employees and volunteers to violate my rights.") (Id.).

"A municipality cannot be held liable for the unconstitutional acts of its employees on a theory of respondeat

superior." *Thomas v. Cumberland Cnty.*, 749 F.3d 217, 222 (3d Cir. 2014) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). As previously noted, a county is only liable under § 1983 when "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell*, 436 U.S. at 694. "Liability is imposed when the policy or custom itself violates the Constitution or when the policy or custom, while not unconstitutional itself, is the moving force behind the constitutional tort of one of its employees." *Thomas*, 749 F.3d at 222 (internal quotation marks and citations omitted).

   Plaintiff has failed to state a claim against Salem County. He has not identified a policy or custom enacted by the county itself that caused the alleged constitutional violation, or provided facts that would support an inference that the policy or custom was a "moving force" behind Plaintiff being denied a religious meal. His claims against the county must therefore be dismissed at this time. As Plaintiff may be able to allege facts that would support municipal liability, the claims against Salem County shall be dismissed without prejudice.

   The claims against the Sheriff's Office and SCCF must also be dismissed. "In Section 1983 actions, police departments cannot be sued in conjunction with municipalities, because the

10

police department is merely an administrative arm of the local municipality, and is not a separate judicial entity." *Padilla v. Twp. of Cherry Hill*, 110 F. App'x 272, 278 (3d Cir. 2004) (internal quotation marks and citations omitted). The claims against SCCF must be dismissed as a jail is not a "person" under § 1983. *See, e.g.*, *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983). As the Sheriff's Office and SSCF are not proper defendants in a § 1983 action, the claims against them will be dismissed with prejudice.

**B. Exercise of Religion**

Plaintiff argues Treachler violated his right to practice his religion by denying him access to a vegetarian meal. The First Amendment, as applied to the states by the Fourteenth Amendment, protects prisoners' free exercise of religion. *DeHart v. Horn*, 227 F.3d 47, 50 (3d Cir. 2000) (en banc) (citing *O'Lone v. Shabazz*, 482 U.S. 342, 348 (1987)). To make out a claim for denial of an individual's free exercise rights under the First Amendment, an individual must show that he has a sincerely held religious belief, and the institution's imposition on that belief is not reasonably related to a legitimate institutional interest. *Id.* at 51-52 (citing *Turner v. Safley*, 482 U.S. 78 (1987)).

"[P]risoners generally are entitled to religiously acceptable meals while in prison." *Potts v. Holt*, 617 F. App'x 148, 150 (3d Cir. 2015) (citing *Williams v. Bitner*, 455 F.3d 186, 192 (3d Cir. 2006); *Williams v. Morton*, 343 F.3d 212, 217 (3d Cir. 2003); *DeHart*, 227 F.3d at 52, 59 & n.8). Plaintiff states his religion prohibits him from eating meat. (Complaint at 8). Construing all inferences in Plaintiff's favor, as the Court must do at this preliminary screening stage, this Court preliminarily finds that Plaintiff has pled facts sufficient to state a plausible claim for relief against Treachler only, as he is the one Plaintiff alleges actually denied him the vegetarian meal.

As this Court must construe pro se pleadings liberally, the Court also reviews the complaint under the Religious Land Use and Institutionalized Persons Act of 2000, ("RLUIPA") 42 U.S.C. § 2000cc-1 et seq. "RLUIPA protects 'any exercise of religion, whether or not compelled by, or central to, a system of religious belief[.]'" *Holt v. Hobbs*, 135 S. Ct. 853, 862 (2015) (quoting 42 U.S.C. § 2000cc–5(7)(A)). RLUIPA provides "'greater protection' for religious liberty than is provided by the First Amendment." *Payne v. Doe*, No. 15-2489, 2016 WL 123624, at *4 (3d Cir. Jan. 12, 2016) (citing *Hobbs*, 135 S. Ct. at 863). Construing all inferences in Plaintiff's favor at this time,

there are sufficient facts to permit his RLUIPA claim to proceed against Treachler at this time.

Plaintiff has not sufficiently alleged personal involvement by Warden Skradzinski. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Plaintiff alleges "the warden is Mr. Treachler's boss, thus allowing the chaplain to violate my rights." (Complaint at 8). "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). State actors are liable only for their own unconstitutional conduct. *Bistrian v. Levi*, 696 F.3d 352, 366 (3d Cir. 2012).

The Third Circuit has identified two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates: (1) "liability may attach if they, with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm"; or (2) "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiffs rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014) (internal citations omitted), *rev'd on other grounds sub*

13

*nom Taylor v. Barkes*, 135 S. Ct. 2042 (2015). This Court cannot plausibly find liability under either theory as Plaintiff has not set forth any facts indicating Warden Skradzinski either established a policy that resulted in Plaintiff being denied his religious meal, or that he was aware of and condoned his staff's actions. Plaintiff's claims against Warden Skradzinski shall be dismissed without prejudice.

**V.   CONCLUSION**

For the reasons stated above, Plaintiff's motion to amend his complaint is denied. His Free Exercise and RLUIPA claims shall be permitted to go forward against Defendant Treachler only. The claims against the Salem County Sheriff's Office and SCCF are dismissed with prejudice. The claims against Salem County and Warden Skradzinski are dismissed without prejudice.

An appropriate order follows.


| **March 29, 2016** | **s/ Jerome B. Simandle** |
|---|---|
| Date | JEROME B. SIMANDLE |
|  | Chief U.S. District Judge |

14