IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK LEE SEAGRAVES,<br><br>        Plaintiff,<br><br>  v.<br><br>DAVID TREACHLER, et al.,<br><br>        Defendants. | Civil Action<br>No. 15-7801 (JBS-AMD)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief District Judge**

    1.    On October 30, 2015, Plaintiff Mark Lee Seagraves submitted a civil complaint alleging Defendants David Treachler, Ray Skradzinski, the Salem County Sheriff's Office, Salem County, and the Salem County Correctional Facility ("SCCF") unlawfully denied him a vegetarian meal he requested for religious reasons. After reviewing the complaint pursuant to 28 U.S.C. § 1915, the Court permitted Plaintiff's complaint alleging violations of the First Amendment and Religious Land Use and Institutionalized Persons Act of 2000, ("RLUIPA") to proceed against Mr. Treachler. The claims against the remainder of the defendants were dismissed without prejudices.

    2.    Plaintiff now seeks to amend his complaint to reinstate his claims against Warden Skradzinski and Salem County. Motion to Amend, Docket Entry 20; Proposed Amended Complaint, Docket Entry 20-1. Rule 15(a) of the Federal Rules of

Civil Procedure permits a party to amend a pleading once as a matter of course twenty-one (21) days after serving the pleading or twenty-one (21) days "after a responsive pleading or service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. Pro. 15(a)(1)(A)-(B).

3. Plaintiff filed this motion within 21 days after Defendant Treachler filed a motion to dismiss and/or for summary judgment on August 20, 2016. He may therefore amend his complaint as of right. As the Court granted Plaintiff *in forma pauperis status* under 28 U.S.C. § 1915, the Court must screen the amended complaint to ensure it states a claim for relief.

4. Plaintiff incorporates the statement of claims from his original complaint and adds the fact that "the Quran says don't eat any meat that at the time of slaughtering Allah[']s name is not mentioned." Proposed Amendment Complaint at 2-3. He states: "Warden Skradzinski is the official with the responsibility to implement all SCCF policies and procedures. He implemented the policy of not giving Muslims vegetarian meal, [which] violates my First Amendment right to free exercise of religion . . . ." *Id.* at 1-2.

5. He further alleges that Salem County "is responsible for the policies implemented by those in position to make policies for SCCF i.e., Raymond Skradzinski." *Id.* at 2.

6.     Accepting the facts alleged in the proposed amended complaint as true for purposes of this motion only, Plaintiff has sufficiently stated First Amendment and RLUIPA claims against Treachler and Warden Skradzinski. The Clerk shall be ordered to instate Warden Skradzinski as a defendant.

7.     Plaintiff still has not sufficiently stated a claim against Salem County. "[M]unicipal liability under 42 U.S.C. § 1983 cannot be based on the respondeat superior doctrine, but must be founded upon evidence that the government unit itself supported a violation of constitutional rights." *Watson v. Abington Twp.*, 478 F.3d 144, 155 (3d Cir. 2007) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691-95 (1978)). One way to plead municipal liability is to provide facts supporting an inference that an official municipal policy violated Plaintiff's rights. *Monell*, 436 U.S. at 692.

8.     Here, Plaintiff alleges there is an official policy of denying Muslim inmates' requests for vegetarian meals; however, he alleges Warden Skradzinski created this allegedly unconstitutional policy, not the Salem County lawmakers. Proposed Amended Complaint at 1-2. He has therefore not pled sufficient facts indicting that the Salem County lawmakers with the "final authority to establish municipal policy with respect to the action issue[d] an official proclamation, policy, or

3

edict." *Kirkland v. DiLeo*, 581 F. App'x 111, 118 (3d Cir. 2014) (internal quotation marks and citations omitted) (alteration in original). As such, there is not an adequate basis to conclude Salem County may be liable to Plaintiff.

9. The motion to amend the complaint is granted, and Warden Skradzinski is reinstated as a defendant. The claims against Salem County are dismissed without prejudice.

10. An appropriate order follows.

**March 27, 2017**            **s/ Jerome B. Simandle**
Date                                       JEROME B. SIMANDLE
                                                 Chief U.S. District Judge